UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

William Lee
12000 Trim Lane
Bowie, Maryland 20715

    Plaintiff,

vs.

Savage Mill 2000, LLC.
8600 Foundry Street
Savage, Maryland 20763

    Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

### Parties

4. Plaintiff, William Lee ("Lee"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that he has cerebral palsy, and uses a wheelchair for mobility.



LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300

1

5. Defendant Savage Mill 2000, LLC.. is a Maryland limited liability company and the owner and/or operator of Historic Savage Mill, located at 8600 Foundry Street, Savage, Maryland ("Savage Mill")

### Savage Mill is a Place of Public Accommodation

6. Savage Mill, a unique market place with shops located in an old mill, is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(E), in that it is a shopping center and/or other sales establishment.

### ADA Prohibition of Discrimination by Public Accommodations

7. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

8. There are architectural barriers violative of the ADA at Savage Mill, which include but are not limited to the following:

**i) Parking and path of travel barriers at main entrance (West Parking)**

  a) The "accessible" parking spaces do not have adjacent access aisles.
  b) There are no van accessible parking spaces provided at this location.
  c) The "accessible" parking spaces are located in an area of the parking lot where the ground slope exceeds 2%.
  d) The "accessible" parking spaces lack adequate and compliant signage.
  e) The "accessible" route maintains a running slope in excess of 5% and does not provide handrails.

LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300

      f) Certain areas of the "accessible" route from the "accessible" parking spaces to the front entrance maintain a cross slope in excess of 2%.

      g) There is no designated "Passenger Loading Zone" provided outside this entrance.

### ii) Parking and path of travel barriers at or near entrance to Rams Head Tavern and Main Office

      a) The "accessible" parking spaces do not have adjacent access aisles.

      b) There are no van accessible parking spaces provided at this location.

      c) The "accessible" parking spaces lack adequate and compliant signage.

      d) The ramp leading from the "accessible" parking spaces to the entrance to the Rams Head Tavern lacks handrails.

### iii) Accessible route of travel within Savage Mill

      a) Many of the ramps throughout the facility maintain running slopes that exceed 8.33%.

      b) Many of the ramps throughout the facility lack adequate and compliant handrails.

### iv) Individual Gallery/Office Entrances

      a) Many of the doors to the galleries or offices which are open to the public contain hardware that requires tight grasping, pinching and twisting of the wrist to operate.

### v) Paymaster's Office

      a) There is a change in level outside the entrance door to the paymaster's office of at least 1" and no means of vertical or alternative access is offered to enter the office.

      b) There is no accessible route provided to the transaction window and brochure display.

### vi) Water fountain outside toilet rooms New Weave Building

      a) The spout on the water fountain is higher than 36".

### vii) Men's Toilet rooms, 1st Floor, New Weave Building, First Floor (underneath entrance)

      a) The pipes underneath the lavatory are not insulated.

      b) The highest operable part of the paper towel dispenser is mounted higher than 54" above the finished floor.

      c) The paper towel dispenser requires tight grasping, pinching and twisting of the wrist to operate.

      d) The "accessible" toilet stall is less than 60" wide.

LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300

e) The "accessible" toilet stall lacks adequate and compliant grab bars.
f) The toilet paper dispenser is mounted out of reach range.

### viii) 1st Floor Men's toilet rooms near Guaros Café and Deli

a) There is no accessible toilet stall provided.
b) The highest operating part of the paper towel dispenser is mounted higher than 54" above the finished floor.
c) The hardware on the lavatory requires tight grasping, pinching and twisting of the wrist to operate.
d) The pipes underneath the lavatory are not insulated.

### ix) Single User Toilet Rooms Outside Carding

a) The entry door requires in excess of 5 lbs to operate.
b) There is insufficient clear floor space on the pull side of the door to enter the toilet room.
c) The toilet room lacks adequate and compliant signage.
d) The highest operable part of the paper towel dispenser is located higher than 48" above the finished floor.
e) The paper towel dispenser requires tight grasping, pinching and twisting of the wrist to operate.
f) There is insufficient turning radius within the toilet rooms due to the presence of large trash receptacles.

### x) Men's Toilet Room in Old Weave

a) There is insufficient clear floor space provided on the pull side of the door to exit the toilet room.
b) The toilet room lacks adequate and compliant signage.
c) The entry door requires in excess of 5 lbs. of force to operate.
d) The flush valve is located on the narrow side of the toilet area.
e) The hardware on the door to the "accessible" toilet stall requires tight grasping, pinching and twisting of the wrist to operate.
f) There is no accessible urinal provided.

9. By failing to remove existing architectural barriers, defendant has discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at Savage Mill, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).



LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300

### Failure to Remove Architectural Barriers or Modify Policies: Unlawful Discrimination

10. Defendant has failed to remove the above mentioned architectural barriers at Savage Mill and to make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of Savage Mill by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing: Lee's Visit and Intention to Return to Savage Mill

11. Lee has visited Savage Mill, but was injured because his full and equal enjoyment of Savage Mill was denied and curtailed by the presence of the architectural barriers set forth above.

12. Lee has a present intention and desires to visit Savage Mill again.

WHEREFORE, Lee demands judgment against defendant, and requests:

A. That the Court declare that the place of public accommodation at issue in this case, to wit, Savage Mill, owned, leased and/or operated by defendant is not readily accessible to Lee violative of the ADA;

B. That the Court enter an order directing defendant to alter and renovate the place of public accommodation at issue in this case, to wit, Savage Mill, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

C. That the Court enter an order directing defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow it to undertake and complete the alterations and renovations at the place of public accommodation at issue in this case, to wit Savage Mill;

D. That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Lee; and

E. That the Court award such other and further relief as it deems necessary, just and proper.



LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel Zuckerman
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
*Attorneys for the plaintiff*

LAW OFFICES
Maxwell & Barke
51 Monroe Place
Suite 806
Rockville, MD 20850
301.309.8300